### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT CUNNINGHAM,              Case No. 1:14-cv-377
       Petitioner,

                                       Beckwith, J.
      vs                                Bowman, M.J.

HAMILTON COUNTY SHERIFF,        **REPORT AND**
       Respondent.                    **RECOMMENDATION**

Petitioner, an inmate at the Hamilton County Justice Center in Cincinnati, Ohio, has filed a *pro se* petition for a writ of habeas corpus, which has been construed as brought pursuant to 28 U.S.C. § 2241 because, when the action commenced, petitioner was seeking federal habeas relief prior to his trial or conviction in criminal cases that were then pending before the Hamilton County Court of Common Pleas.  (*See* Docs. 1, 3).  On May 28, 2014, the undersigned issued an Order requiring the respondent to file an expedited return of writ responding to the allegations of the petition alleging a violation of petitioner's federal constitutional speedy trial right.  (*See id.*). This matter is now before the Court on the petition and respondent's return of writ, which was filed on June 25, 2014.  (Docs. 1, 6).  In addition, petitioner has filed motions to amend the petition, which were filed, respectively, on May 22 and July 17, 2014.  (Docs. 2, 8).

As discussed in the May 28, 2014 Order (*see* Doc. 3), a prisoner, who has exhausted all available state remedies as a prelude to seeking federal habeas relief, may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981).  However, it is also well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and

1

immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

In this case, it appears on review of the petition and proposed amendments to the petition that petitioner does not face great and immediate irreparable injury justifying federal intervention into any pending state criminal trial proceeding or prior to his exhaustion of state appeal remedies after the trial court's entry of final judgment. The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted,* 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report &

Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009).  None of these exceptions apply here.  Although petitioner has alleged a violation of his speedy trial rights, unlike the petitioner in *Atkins,* he does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him.  (*See* Docs. 1-2, p. 4; Doc. 8).  *Cf. Atkins,* 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *Pruitt, supra,* 2010 WL 2607246, at *2 (holding that federal intervention to consider speedy trial claim was inappropriate in case where the petitioner was awaiting sentencing following entry of a guilty plea because he was seeking only dismissal of the criminal charges); *see also Hill v. Michigan,* No. 1:07cv271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him).  In any event, upon review of the Hamilton County Clerk of Courts' on-line docket records in the challenged criminal cases (Case Nos. B138003-A and B1404316-A),[1] it appears that petitioner was convicted upon entry of guilty pleas in the two cases and sentenced in entries filed August 8, 2014 to an aggregate prison term of fifty-four (54) months with "credit for five hundred forty one (541) days time served."  Therefore, even if petitioner had sought in this proceeding to ensure enforcement of his constitutional speedy trial right, such claim for relief has been rendered moot.

---

[1] The docket reports were obtained from the following website links: https://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B1300803-A, and https://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B1404316-A.

Finally, even assuming, *arguendo*, that extraordinary circumstances existed to justify this Court's intervention in the state criminal proceedings prior to petitioner's convictions and sentences on August 8, 2014, the petition is nevertheless subject to dismissal because petitioner failed to exhaust available state court remedies before applying for federal habeas corpus relief. Respondent states in the return of writ that petitioner raised a speedy trial claim in a pretrial motion to dismiss, which was filed with the trial court on May 29, 2014, *after* the instant action commenced.  (Doc. 6, p. 2).  Although it is unclear from the docket entries filed after May 29, 2014 in the state criminal proceedings whether or when the motion to dismiss was ruled on by the trial court, it appears that the motion was still pending before that court when respondent prepared and filed the return of writ in response to the allegations contained in the instant petition for federal habeas relief.  (*See* Doc. 6, p. 2).  In any event, it is certainly clear from the record that petitioner has not exhausted the state direct appeal remedy, which is now available for him to pursue.

Accordingly, in sum, the undersigned concludes that the petition filed by petitioner prior to his convictions and sentences in Hamilton County Common Pleas Court Case Nos. B138003-A and B1404316-A is premature.  Petitioner did not exhaust his claims for relief in the state courts before filing the instant application for federal habeas relief and still has the remedy of a direct appeal to pursue in the state courts.  A stay of the case while petitioner exhausts his claims in the state courts is not warranted here because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to review of a future federal habeas petition.[2]

---

[2]The "stay-and-abeyance" approach, which applies to "mixed" federal habeas petitions containing both exhausted and unexhausted claims for relief, was adopted by the Sixth Circuit to ensure that federal habeas review would not be precluded on statute of limitations grounds for the class of state prisoners "whose timely filed habeas petitions remain pending in district court past the [one-year] limitations period [set forth in 28 U.S.C. § 2244(d)], only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker,* 533 U.S. 167, 184 (2001) (Stevens, J., concurring).  *See, e.g., Palmer v. Carlton,* 276 F.3d 777 (6th Cir.

*Cf. Pruitt, supra*, 2010 WL 2607246, at *3 & n.2. Therefore, it is **RECOMMENDED** that the petition be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for a writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies, which includes the pursuit of a direct appeal from his August 8, 2014 convictions and sentences in Hamilton County Court of Common Pleas Case Nos. B138003-A and B1404316-A.

2. Petitioner's motions to amend the petition (Docs. 2, 8) be **DENIED** as moot.

3. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

2002). The discretion to issue stays in habeas cases is circumscribed. *See Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). In cases such as this, where the statute of limitations has not even commenced running, the interest that the "stay-and-abeyance" approach was designed to protect is not implicated. *Cf. Mingo v. Michigan,* No. 1:06cv24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (holding a stay was not warranted in case where the petitioner had more than a year remaining in the limitations period to refile the petition after exhausting state remedies).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT CUNNINGHAM,                    Case No. 1:14-cv-377
      Petitioner,

                                            Black, J.

      vs                              Bowman, M.J.

HAMILTON COUNTY SHERIFF,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc